UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SYED BOKHARI, METRO LIVERY, INC., RICHARD SIMPKINS, and ALLEN VANPLIET, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, | ) ) ) ) |
| Defendant. | ) ) |

No. 3:11-00088
Judge Sharp

# ORDER

After a three day trial, a jury returned a verdict in favor of Defendant Metropolitan Government, finding that (1) Plaintiffs had failed to disprove all rational explanations which could justify the enactment of a minimum fare and dispatch Ordinance for limousines, and (2) that the enactment of the Ordinance was plausibly explainable as something other than economic protectionism. Subsequently, Defendant filed a Bill of Costs in the amount of $7,712.80. (Docket No. 175). After considering exceptions to the Bill of Costs (Docket No. 179), the Clerk entered a Final Taxation of Costs in the amount of $6,785.40 (Docket No. 182).

Presently pending before the Court is Plaintiffs' Motion to Modify the Clerk's Taxation of Costs (Docket No. 183) in which they request that the Court either deny all costs or reduce the amount to no greater than $1,071.40. Defendant has filed a response in opposition to that Motion. (Docket No. 185). Because this was a close case and one worth litigating, and because imposing costs would have a chilling effect on similarly situated litigants, the Court will exercise its discretion

1

and deny costs.

**I.**

Costs "are awarded as a matter of course to the prevailing party, Fed. R. Civ. P. 54(d)(1)," Kempter v. Michigan Bell Telephone Co., 2013 WL 4504760 at *2 (6th Cir. Aug. 26, 2013), and they include, among other things, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920. Here, Defendant was clearly the prevailing party for purposes of Rule 54 and the bulk of the costs it requested fell squarely within those allowed by § 1920.

While Rule 54(d) "'creates a presumption in favor of awarding costs,'" it "'allows denial of costs at the discretion of the trial court.'" Singleton v. Smith, 241 F.3d 534, 539 (6th Cir. 2001) (quoting White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986)).[1] Factors a court may consider in exercising that discretion "include 'the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.'" Knology, Inc. v. Insight Comm. Co. L.P., 460 F.3d 722, 728 (6th Cir. 2006) (quoting Singleton, 241 F.3d at 539).

**II.**

From the inception of this case, Defendant took the position that Ordinance No. BL2010–685 which imposed new restrictions and regulations on motorized, non-taxi passenger vehicles for hire served legitimate health and safety purposes. The case, however, was never as clear-cut as Metro assumed.

---

[1] Interestingly, both Singleton and White & White were decided at a time when Rule 54(d) provided that costs "*shall* be allowed as a matter of course to the prevailing party unless the court otherwise directs." The Rule has since been relaxed and states that costs "*should* be awarded" to the prevailing party. Fed. R. Civ. P. 54(d) (emphasis added).

Certainly, Plaintiffs' suit was not frivolous from the outset because the Court denied Defendant's Motion to Dismiss Plaintiffs' substantive due process claim. Eight days after the Court issued that ruling, Metro stepped up enforcement of the Ordinance and, according to Plaintiffs, undertook a sting operation directed at Metro Livery, and cited that company for violating the $45.00 minimum fare. This, in turn, prompted a Motion for Preliminary Injunction.

In response to the request for a preliminary injunction, Metro laid out its rationale for enacting the Ordinance. The stated rationales were that the Ordinance was enacted in an effort to (1) differentiate between types or classes of licenses (e.g., taxi companies versus limousine services); (2) ensure just compensation for drivers; (3) ensure that vehicles met certain standards; (3) prevent poaching; (4) prevent confusion; and (5) improve the city's transportation industry to attach more tourists.

The Court denied preliminary injunctive relief. In doing so, however, the Court questioned some of the stated rationales, finding them "not overly compelling" and "a bit fishy." Bokhari v. Metro. Gov't of Nashville & Davidson Cnty., 2012 WL 1165907, at *8 (M.D. Tenn. April 9, 2012). For example, the Court found that "the whole notion that the $45.00 minimum fare advances economic concerns seems a bit paternalistic in a free market economy," and questioned "the near wholesale use of [the Tennessee Limousine Associations's] draft legislation." Id. at 7 & 8).

Moreover, the Court denied Metro's Motion for Summary Judgment based upon the holding in Craigmiles v. Giles, 312 F.3d 220, 224 (6th Cir. 2010), that "protecting a discrete interest group from economic competition is not a legitimate governmental purpose." In so doing, the Court noted that economic protectionism was a key aspect of Plaintiffs' case, that Plaintiff had adduced facts that suggested "the Ordinance was passed not to advance any legitimate goals that would benefit

3

Nashville or its citizenry, but rather to protect the 'high-end' limousine services against whom they compete," and that, while rational basis review was deferential, it was not "toothless." Bokhari, 2012 WL 6018710, at *4 & 6 (M.D. Tenn. Dec. 3, 2102).

It was necessary for a jury to determine this case. Plaintiffs should not be penalized for pressing what they viewed as questionable decisions by their government representatives, particularly since Plaintiffs raised legitimate concerns about how the Ordinance came to be. Moreover, this case was important because it allowed the public at large to scrutinize Metro's actions, actions which the jury ultimately decided passed constitutional muster.

**III.**

"[T]he exercise of discretion authorized by Rule 54(d) is 'intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party.'" Hunter v. Gen'l Motors Corp., 161 F. App'x 502, 504 (6th Cir. 2005)(quoting, White & White, 786 F.2d at 730). As this Court has previously noted, litigants pressing important public interest issues "should not be deterred by the specter of having to pay enormous costs to the opposing party." Spurlock v. Metro. Gov't of Nashville & Davidson Cnty, 2013 WL 623377723, at *3 (M.D. Tenn. Dec. 3, 2013); see also, Lee v. Metro. Gov't of Nashville and Davidson Cnty, 2009 WL 2462209 at *14 (M.D. Tenn. Aug.10, 2009) (collecting cases) (stating that "'numerous district courts in this circuit have considered the potential chilling effect on future, similarly situated litigants to be a valid reason, among others, to decline to award costs," and colleting cases). The Court finds this to be such a case.

Accordingly, Plaintiffs' Motion to Modify the Clerk's Taxation of Costs (Docket No. 183)

4

is hereby GRANTED and the Court hereby DENIES Defendant's Bill of Costs (Docket No. 175).

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE